**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JACK SUNSERI and CONSOLIDATED
PARTNERS, LTD.,

                                                      CASE NO. 05-73108

      Plaintiffs,                                HON. LAWRENCE P. ZATKOFF

v.

PHYLLIS PROCTOR, CONRAD PROCTOR,
DAVID PROCTOR, PHYLLIS D. PROCTOR TRUST,
ANDERSON-PROCTOR LIMITED PARTNERSHIP,
PROCTOR, L.L.C., and ANDERSON-PROCTOR, L.L.C.,

      Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

This matter is before the Court upon Defendants' Motion for Reconsideration (Docket # 55) of the Court's November 3, 2006, Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. Defendants filed the current motion pursuant to E.D. MICH. LR 7.1(g) on November 21, 2006.

According to E.D. MICH. LR 7.1(g)(1), "[a] motion for ... reconsideration must be filed within 10 days after entry of the judgment or order." Additionally, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). The order up for reconsideration was entered on November 3, 2006. Therefore, excluding Saturdays, Sundays and legal holidays, Defendants' motion was due on November 20, 2006. Consequently, Defendants' Motion for Reconsideration is untimely.

Furthermore, the Court finds Defendants' argument for reconsideration lacks merit. Defendants must demonstrate a "palpable error by which the court and the parties have been misled

...." E.D. MICH. LR 7.1(g)(3). Defendants argue that the Court erred by not addressing their statute of limitations argument in their Motion for Summary Judgment. The Court disagrees. Defendants' statute of limitations argument consisted of two sentences and a footnote in which Defendants asserted that an untimely claim is barred by the statute of limitations, Plaintiffs' claim is untimely, and, therefore, Plaintiffs' claim should be barred. *See* Docket # 39 at 19-20. However, Defendants' did not provide the Court with any legal argument as to the applicable statute of limitations, when the claim accrued, or whether or not it had been tolled for any reason. The Court need not consider arguments raised in a perfunctory manner, unaccompanied by some effort at developed argumentation. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005). Therefore, the Court's decision to not consider this issue was not palpable error.

Moreover, Defendants improperly use their Motion for Reconsideration to fully develop the statute of limitations issue. The purpose of the current motion is to state why the Court should have considered the issue as it was presented in the Motion for Summary Judgment, rather than to present it to the Court in a new, fully developed form, where the opposing party does not have an opportunity to respond. Defendants should have taken the time to fully develop the statute of limitations issue in their original motion. Nevertheless, the Court has recently extended the deadline for dispositive motions, and if Defendants wish to raise the statute of limitations issue they may do so in a proper motion. Accordingly, Defendants' Motion for Reconsideration is DENIED.

    IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2006

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 30, 2006.

                                                                   s/Marie E. Verlinde
                                                                   Case Manager
                                                                   (810) 984-3290

2:05-cv-73108-LPZ-RSW   Doc # 56   Filed 11/30/06   Pg 3 of 3   Pg ID 1598