UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK SUNSERI and CONSOLIDATED
PARTNERS, LTD.,

                                                                                                  CASE NO. 05-73108
      Plaintiffs,                                             HON. LAWRENCE P. ZATKOFF

v.

PHYLLIS PROCTOR, CONRAD PROCTOR,
DAVID PROCTOR, PHYLLIS D. PROCTOR TRUST,
ANDERSON-PROCTOR LIMITED PARTNERSHIP,
PROCTOR, L.L.C., and ANDERSON-PROCTOR, L.L.C.,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 2, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the parties' cross-motions for summary judgment. Defendants filed their Motion for Summary Judgment (Docket #59) on February 15, 2007, based on various statutes of limitations. Plaintiffs filed their Motion for Summary Judgment (Docket #60) on February 15, 2007, on the basis of collateral estoppel. Both motions have been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Defendants' Motion for Summary Judgment will be GRANTED and Plaintiffs' Motion for Summary Judgment will be DENIED.

## II. BACKGROUND

This matter arises out of a dispute between partners in a general partnership and involves a long and complex set of facts.[1] However, the facts relevant to these motions are fairly simple and straight forward. The basis for the current suit is a judgment in the amount of $5,984,686.01 in Plaintiffs' favor entered on April 8, 2005, by a New York court against Macro Cellular Partners ("Macro"), a general partnership. Defendants in the current suit were allegedly partners in Macro. Plaintiffs brought the current suit seeking to collect the unsatisfied portion of the New York judgment from Defendants' personal assets.

In August 1996, Plaintiffs filed suit in the Supreme Court of New York, asserting several causes of action: injunctive relief, negligence, breach of contract, conversion, breach of fiduciary duties, and conspiracy. Plaintiffs' claims were based on their allegation that Macro had wrongfully withheld or intentionally converted their share of CCI preferred stock received by Macro. The New York court subsequently granted summary judgment in Plaintiffs' favor on their claim that Macro breached the partnership agreement. The Court stated that Macro breached the agreement by "withholding from Plaintiffs their rightful share of partnership distributions." *See* Defs.' Ex. C at 11-12. Based on Plaintiffs' New York complaint, the breach occurred in 1994 and 1995, when Macro withheld various distributions, and in August 1996 when it refused to pay proceeds attributable to a stock redemption.

The New York court conducted a bench trial in February 2004 on the issues of damages attributable to Macro's breach of the partnership agreement, whether Macro breached its fiduciary

---

[1] A detailed background is set forth in the Court's November 3, 2006, Opinion and Order. *See* Docket #53.

duties to Plaintiffs by withholding distributions, and whether it was liable for conversion. *See* Defs.' Ex. F at 2. In February 2005, the New York court issued its Post-Trial Decision. *See id.* In its decision, the New York court found Plaintiffs were entitled to $186,666 for the breach of contract, and that Macro had breached its fiduciary duties in August 1996 by failing to properly respond on Plaintiffs' behalf to a notice of redemption that would have entitled Plaintiffs to convert preferred stock into common stock. *See id.* at 44. The court also ruled that Plaintiffs' abandoned their conversion claim. *See id.* The New York court then entered judgment against Macro only. Following the judgment, Plaintiffs have pursued the individual partners to satisfy Macro's debt.

### III. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *accord Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005).

### IV. ANALYSIS

The issue before the Court is whether Plaintiffs' claim to satisfy a judgment against a partnership through the personal assets of the individual partners is barred by the applicable statutes of limitations where Plaintiffs obtained judgment against the partnership in New York but neither named nor served the individual partners as defendants, and Plaintiffs' claims on the original partnership debt accrued no later than August 1996. Defendants argue that since the New York judgment cannot be enforced against their personal assets, Plaintiffs' only recourse was to sue Defendants for the underlying misconduct. Plaintiffs, on the other hand, contend that their claim did

3

not accrue until they obtained judgment against the partnership and, therefore, their claim is not untimely. The Court finds Defendants' argument more persuasive.

**A. When Plaintiffs' Claims Accrued**

In *Valley Nat'l Bank of Arizona v. A.E. Rouse & Co.*, 121 F.3d 1332 (9th Cir. 1997), the court found that the plaintiff's claims against the defendants' individual assets were barred by the statute of limitations. There the plaintiff obtained a judgment against a partnership that was insolvent. Thereafter, the plaintiff attempted to enforce the judgment against the partners' individual assets. Since the partners were neither named nor served in the original suit, the court found that the judgment could not be enforced against their personal assets but collateral estoppel could be applied in the second suit to prevent the partners from relitigating the issue of partnership liability. *See id.* at 1337-38. Despite this finding, the court concluded that the statute of limitations barred the plaintiff's suit. *See id.* As the partners were not bound by the judgment in the first case, the plaintiff's only recourse was to proceed against the partners in a second suit making use of collateral estoppel. *See id.* However, the suit against the partners still needed to be brought within the applicable statute of limitations governing the plaintiff's claim for the original partnership obligation. *See id.* Because the statute of limitations had expired prior to the plaintiff's suit for the partners' individual assets, the claim was barred. *See also Gutrich v. Cogswell & Wehrle*, 961 P.2d 1115 (9th Cir. 1998) (holding that because plaintiffs failed to sue the individual defendants until after the statute of limitations had run on the underlying action, the subsequent suit was barred).

The Court agrees with the result reached in *Valley Nat'l Bank*. The Court finds that this result is consistent with the policy interests reflected in statutes of limitations and reflects the entity theory of partnerships as well as protects the partners' interests in due process. "Policy considerations

4

behind the enactment of statutes of limitation are: (1) recovering damages promptly; (2) penalizing plaintiffs who are not industrious in pursuing their claims; (3) providing security against stale demands; (4) relieving defendants' fear of litigation; (5) preventing fraudulent claims; and (6) providing a remedy for the general inconvenience resulting from delay." *Lemmerman v. Fealk*, 201 Mich.App. 544, 547 (1993), *rev'd on other grounds by* 449 Mich. 56 (1995). In contrast to the common law where a plaintiff could not sue a partnership without joining all of the individual partners, the entity theory of partnerships as expressed in statutes and decisions that treat the partnership as an entity for procedural purposes, facilitates "claims by persons who have dealt with a partnership, but who may find it cumbersome or impossible to find the names and locations of the partners." J. WILLIAM CALLISON & MAUREEN A. SULLIVAN, PARTNERSHIP LAW & PRACTICE § 14.4 (2006). Where, as here, a plaintiff obtains a judgment against the partnership as an entity, but fails to obtain a binding judgment against a partner's individual assets, and consequently cannot enforce that judgment against the partner, the plaintiff must sue the partner based on the underlying misconduct. While the plaintiff may use collateral estoppel to prevent the partner from relitigating the issue of liability, the plaintiff must still bring suit within the applicable limitations period for the underlying wrong.

The Court recognizes that this holding may require a plaintiff to bring successive lawsuits, and in some situations may prevent a plaintiff from being fully compensated. On the other hand it is foreseeable that a partnership may not have enough assets to satisfy a judgment and plaintiffs can protect themselves by joining as many partners to the original suit as possible. The Court notes that Plaintiffs in the present case, who were partners in Macro, could have also protected themselves by providing for such contingencies in the partnership agreement. Furthermore, the Court is not

concerned that this result would lead to deceptive tactics by partners as the plaintiff may make use of equitable tolling principles in situations where partners fraudulently conceal their identities, transfer assets, or where justice otherwise requires.

Plaintiffs' cases are distinguishable and the Court finds Plaintiffs' argument that the statutes of limitations began to run when they obtained judgment in New York unpersuasive. Plaintiffs rely on *Whitley v. Klauber*, 69 A.D.2d 99 (1979), for the proposition that the statute of limitations does not begin to run until after a creditor obtains judgment against the partnership. In contrast to this case, however, *Whitley* involved a limited partnership, which, unlike this case, required the plaintiffs to prove that the limited partnership's assets were exhausted before they could proceed against the limited partners. *See id.* at 108. Here, Plaintiffs could have immediately sued Defendants.

Plaintiffs' reliance on *Clogher v. Winston & Strawn*, 891 P.2d 240 (Ariz. Ct. App. 1995), is also misplaced. The issue before the court in *Clogher* was whether the plaintiff could maintain a suit against a partnership without naming the partners as parties. Based on Arizona's adoption of the entity theory of partnership, the court held that the partners did not have to be joined in order for the plaintiff to sue the partnership. The court did not decide whether the statute of limitations would bar a subsequent suit against the partners.

Similarly, *United States v. Galletti*, 541 U.S. 114 (2004), does not support Plaintiffs' argument. *Galletti* involved the collection of taxes from individual partners in a partnership. According to the Internal Revenue Code, tax assessments must occur within three years after a return is filed or collection is barred. *See id.* at 116. If a tax is assessed within three years, the statute of limitations for collection of the tax is extended by ten years from the date of assessment. *See id.* In *Galletti*, the IRS assessed a tax against a general partnership within three years after its return was

6

filed, but did not assess a tax against the partners. *See id.* at 117-18. More than three years after the partnership return was filed, but less than ten years from the date of assessment, the IRS filed claims for the unpaid taxes against the partners. The partners attempted to avoid payment by arguing that collection was barred because they were not separately assessed within the three year statute of limitations. The Court disagreed, finding that separate assessments against the partners were not necessary because the assessment of a tax against a taxpayer merely consists of calculating the amount of tax owed and recording it in the government's books, and is not equivalent to a formal collection action against a person or entity who might be liable for the payment of a debt. *See id.* at 122. Contrary to Plaintiffs' assertion, *Galletti* says nothing about whether the statute of limitations bars a subsequent claim against partners who are not bound by a judgment against the partnership.

Finally, Plaintiffs rely on *In re Jones*, 161 B.R. 180 (Bankr. N.D. Tex. 1993). While the court in *Jones* found that the plaintiff's claim against the individual partners accrued when the plaintiff obtained a judgment against the partnership, *Jones* is not binding on this Court. The court's finding in *Jones* was neither supported by case law nor consistent with the purposes behind statutes of limitations. Therefore, the Court declines to follow *Jones*.

Based on the foregoing discussion, the Court concludes that Plaintiffs' claims against Defendants accrued when their claims against the partnership accrued and not when Plaintiffs' obtained a judgment against the partnership.

**B.  Whether Plaintiffs' Claims are Untimely**

The Court's jurisdiction in this case is based on diversity of citizenship and is governed by state law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). As the present motion is based on the statute of limitations, this Court must look to Michigan's statutes of limitations regardless of what

7

state's partnership law applies to the substantive issues remaining in this suit. *See Erickson v. American Motors Corp.*, 683 F.Supp. 644, 645-46 (E.D. Mich. 1987). Based on the New York action, Plaintiffs' remaining claims against Defendants are for a breach of the partnership agreement and for a breach of fiduciary duties.

In Michigan, "a cause of action for breach of contract accrues when a contracting party fails to do what he is obligated to do under the contract." *Jacobs v. Detroit Automobile Interinsurance Exchange*, 107 Mich.App. 424, 431 (1981). Accordingly, "a breach of contract claim accrues on the date of the breach, not on the date the breach is discovered." *Isley v. Capuchin Province*, 880 F.Supp. 1138, 1145 (E.D. Mich. 1995). In the present case, Plaintiffs' breach of contract claim was based on Macro's failure to pay distributions in 1994 and 1995 and when it refused to pay Plaintiffs the proceeds from the redemption of their preferred stock on or about August 16, 1996. Therefore, Plaintiffs' breach of contract claim accrued no later than August 16, 1996. Michigan's statute of limitations for breach of contract is six years. *See* MICH. COMP. LAWS § 600.5807(8). Thus, Plaintiffs' claim for breach of contract expired on August 16, 2002. As such, Plaintiffs' claim for breach of contract is barred by the statute of limitations because Plaintiffs filed the present action on May 18, 2005.

Unlike a claim for breach of contract, "[a] claim for breach of fiduciary duty ... accrues when the beneficiary knew or should have known of the breach." *Prentis Family Foundation v. Barbara Ann Karmanos Cancer Inst.*, 266 Mich.App. 39, 47 (2005) (quoting *Bay Mills Indian Comm. v. Michigan*, 244 Mich.App. 739, 751 (2001)). "[A] plaintiff is deemed to be aware of a possible cause of action when he becomes aware of an injury and its possible cause." *Id.* at 748 (quoting *Shawl v. Dhital*, 209 Mich.App. 321, 325 (1995)). Plaintiffs filed their complaint against the partnership in

8

New York alleging a breach of fiduciary duties on August 15, 1996. *See* Defs.' Ex. B. Thus there is no question that Plaintiffs were aware of their cause of action on the day they filed their complaint in New York. Michigan's statute of limitations governing breaches of fiduciary duties is three years. *See Miller v. Magline*, 76 Mich.App. 284, 313 (1977). Therefore, Plaintiffs' claim expired no later than August 15, 1999 and, consequently, is untimely because Plaintiffs filed the present action on May 18, 2005.

Finally, the Court does not find that equitable tolling is appropriate in this case. Plaintiffs, as partners in Macro, were well aware of all of the other partners and their locations. Furthermore, as partners in Macro, Plaintiffs were aware of Macro's financial status. Therefore, the Court will not toll the running the applicable limitations periods in this case.

## V.  CONCLUSION

Plaintiffs' claim in this matter is not to enforce the New York judgment against Defendants, but to obtain a separate judgment against Defendants' individual assets. As is clear from the discussion above, Plaintiffs' claims all accrued no later than August 1996. Therefore, under the applicable statutes of limitations, Plaintiffs' claims are untimely. Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment is GRANTED and Plaintiffs' Motion for Summary Judgment is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' claim is HEREBY DISMISSED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 2, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 2, 2007.

S/Marie E. Verlinde
Case Manager
(810) 984-3290