**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JACK SUNSERI and CONSOLIDATED
PARTNERS, LTD.,

          CASE NO. 05-73108
    Plaintiffs,         HON. LAWRENCE P. ZATKOFF

v.

PHYLLIS PROCTOR, CONRAD PROCTOR,
DAVID PROCTOR, PHYLLIS D. PROCTOR TRUST,
ANDERSON-PROCTOR LIMITED PARTNERSHIP,
PROCTOR, L.L.C., and ANDERSON-PROCTOR, L.L.C.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter is before the Court upon Plaintiffs' Motion for Reconsideration (Docket # 69) of the Court's May 2, 2007, Opinion and Order Granting Defendants' Motion for Summary Judgment. Plaintiffs filed the current motion pursuant to E.D. MICH. LR 7.1(g) on May 21, 2007.

According to E.D. MICH. LR 7.1(g)(1), "[a] motion for ... reconsideration must be filed within 10 days after entry of the judgment or order." Additionally, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Finally, FED. R. CIV. P. 6(e) does not apply to motions brought to amend or alter a judgment. *See FHC Equities, L.L.C., v. MBL Life Assur. Corp.*, 188 F.3d 678, 681-82 (6th Cir. 1999) (citing cases and holding that Rule 6(e)'s extension does not apply to time periods that begin with the entry of a judgment or order rather than with service by mail or other means).

The order for which reconsideration is sought was entered on May 2, 2007. Therefore, excluding Saturdays, Sundays and legal holidays, Plaintiffs' motion was due on May 16, 2007. Consequently, Plaintiffs' Motion for Reconsideration is untimely and is DENIED.

Notwithstanding its untimeliness, the Court finds that Plaintiffs' motion is without merit. First, the Court is unpersuaded that Macro's withholding of information from Plaintiffs alters the Court's analysis. Plaintiffs, as partners, had adequate remedies available to obtain the financial and other partnership information they sought. Second, the Court's recognition of the policies underlying statutes of limitations was merely illustrative of the consistency between the Court's conclusion regarding when Plaintiffs' claims accrued and the purposes behind statutes of limitations; it did not purport to weigh the policy considerations for or against either party.

Third, the Court rejects Plaintiffs' argument that the Court's decision is inconsistent with the concept of joint and several liability and the provisions in various partnership acts providing for successive suits to satisfy a judgment against a partnership. Plaintiffs rely on partnership statutes providing that a plaintiff may enforce a judgment against the partnership against an individual partner's personal assets, and that the time limit for such enforcement begins to run when the judgment against the partnership is attained. These partnership acts provide a mechanism for partnership creditors to sue the partnership as an entity without having to name each partner in order to maintain the suit. Contrary to Plaintiffs' assertion, these provisions do not require plaintiffs to obtain a judgment against a partnership as a entity prior to collecting against an individual partner's personal assets. Further, these acts are silent as to when the statute of limitations begins to run against partners who were neither named nor served in the original action.

Finally, the Court disagrees with Plaintiffs' assertion that the Court's conclusion deprives

the New York judgment of the effect it would have had in New York. The Court's finding that the statute of limitations bars Plaintiffs' claims says nothing about the validity or preclusive effect of the New York Judgment.

    IT IS SO ORDERED.

                                      s/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: June 7, 2007

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 7, 2007.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290